UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON XAVIER MATHEWS,

    Plaintiff,

v.                                  Case No. 5:22-cv-306-TKW-MJF

T. JOHNSON and OFFICER FOSTER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Carlton Xavier Mathews's complaint, the undersigned recommends that this action be dismissed for two reasons: under 28 U.S.C. § 1915A(b)(1), because Plaintiff has abused the judicial process by failing to disclose completely and honestly his litigation history, and under 28 U.S.C. § 1915(g), because Plaintiff has accrued three "strikes," he has not paid the filing fee, and he has not demonstrated that he was under imminent danger of serious physical injury when he commenced this action.

### I. Background

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") and a frequent filer in federal courts. He is currently housed at the Santa Rosa Correctional Institution, and his inmate number is "J27519." On November 29, 2022, Plaintiff filed this civil-rights complaint pursuant to 42 U.S.C. § 1983 against

Sergeant T. Johnson and Officer Foster. Doc. 1. Plaintiff alleges the following claims:

- "Count One: Retaliation Claim Under First Amendment against Defendant Johnson," *Id.* at 5;
- "Count Two: Excessive Force/Failure to Intervene Claim under the Eighth Amendment Against Defendants Johnson and Foster," *Id.* at 7, 11 ;
- "Count Three: Conditions of Confinement Claim under the Eighth Amendment Against Defendants Johnson and Foster," *Id.* at 8, 11;
- "Count Four: Failure to Protect Claim under the Eighth Amendment Against Defendant Johnson," *Id.* at 9.

In support of these claims, Plaintiff alleges that on August 7, 2019, while confined at the Jackson Correctional Institution, Plaintiff filed a Prisoner Rape Elimination Act ("PREA") grievance regarding a guard engaging in inappropriate sexual conduct with Plaintiff. Doc. 1 at 5.

Twenty-one days later, on August 28, 2019, Defendants ordered Plaintiff and his cellmate to "cuff up" because an FDC official had come to investigate the PREA grievance. *Id.* Defendants then confined Plaintiff and his cellmate in the showers. Johnson returned to Plaintiff's cell and began removing all of the contents, including mattresses, blankets, and linens. *Id.* at 6. Approximately five minutes later, a

different correctional officer escorted Plaintiff from the shower to meet with the PREA investigator. *Id.* at 7.

After the PREA interview was over, Johnson escorted Plaintiff back to his cell. *Id.* Johnson told Plaintiff that he could not stand snitches and began to beat Plaintiff. Doc. 1 at 7. Foster allegedly stood in the doorway and did not intervene or protect Plaintiff. After this attack, Johnson and Foster removed all property from Plaintiff's cell, including his personal hygiene items. Plaintiff spent a total of five days on "strip status." *Id.* at 7–8.

At some point Johnson offered to give Plaintiff's cellmate a pack of cigarettes if the cellmate would attack Plaintiff. *Id.* at 9. As a result, Plaintiff's cellmate cut Plaintiff with a razor blade and beat Plaintiff. *Id.* at 10. The day after Plaintiff's cellmate attacked him, Johnson gave Plaintiff's cellmate a pack of cigarettes. *Id.*

## II. DISCUSSION

### A. Plaintiff Has Abused the Judicial Process

#### 1. *Screening of Plaintiff's Complaint*

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine

whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

2. *Plaintiff's Disclosures*

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 1 at 12. The complaint form expressly warns: "***Be advised that failure to disclose all prior state and federal cases—including but not limited to civil cases, habeas cases, and appeals—may result in dismissal of this case.***" *Id.* The complaint form asks three questions:

> A. Have you ever had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 13–14. Additionally, the complaint form instructs that if the plaintiff responded, "Yes," to any question, then the plaintiff must disclose each case. *Id.*

In response to question B, Plaintiff responded, "No," and did not disclose any cases. In response to questions A and C, Plaintiff responded, "Yes." He disclosed several state and federal cases. At the end of the complaint form, Plaintiff signed his name under the following, "I declare, under penalty of perjury that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 18–19.

3. *Plaintiff's Omission*

The undersigned takes judicial notice that when Plaintiff filed his complaint, he failed to disclose the following case:

- *Mathews v. Gambi*, No. 3:17-cv-1424 (M.D. Fla. Dec. 28, 2017) (dismissed under 28 U.S.C. § 1915(g)).[1]

This case is attributable to Plaintiff insofar as it bears his FDC inmate number "J27519." *See id.* at ECF No. 1 at 1.

Because he failed to disclose this case, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

4. *The Materiality of Plaintiff's Omission*

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to

control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior cases that related to the conditions of his confinement. Doc. 1 at 12. The complaint form expressly warns prisoners that the "***failure to disclose all prior state and federal cases—including but not limited to civil cases, habeas cases, and appeals—may result in dismissal of this case.***" *Id.* There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

Further, a claim that Plaintiff could not remember this case would strain credulity. Approximately one month before Plaintiff filed the instant action, on October 6, 2022, United States Magistrate Judge Hope Thai Cannon recommended

dismissal of Plaintiff's complaint because he inaccurately stated his litigation history. *Mathews v. Walters*, No. 3:22-cv-19132-LC-HTC, ECF No. 4, Report and Recommendation (N.D. Fla. Oct. 6, 2022). In the recommendation, Judge Cannon specifically identified the *Gambi* case that Plaintiff omitted. *Id.* at 4. Thus, Plaintiff certainly was aware of that case.

Plaintiff attempts to insulate himself from sanctions by advising the District Court that he "listed his litigation history to the best of his ability" and ensures "court in good faith that he has listed all prior case history (if he did not list 2 or 3 prior cases, it is not intentionally)." Doc. 1 at 20. This is insufficient. Two weeks prior to Plaintiff initiating this action, the District Court dismissed one of Plaintiff's other prior lawsuits over Plaintiff's objection that Plaintiff did not have sufficient information to disclose all of his litigation history. The District Court explained:

> [T]he fact that Plaintiff allegedly did not have information about his prior lawsuits is not an excuse for his failure to disclose his litigation history because Plaintiff "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case." *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) (quoting *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021)). Indeed, "it would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison." *Id.*

*Mathews v. Westly*, No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 2–3 (N.D. Fla. Nov. 10, 2022); *see also* Fed. R.

Civ. P. 11(a) (requiring a party to make a good-faith investigation for any allegations or statements contained in pleadings filed with the court). Plaintiff does not explain why he did not—despite knowing that he can and should—contact the relevant clerk's office for a list of all of his cases.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### 5. *The Appropriate Sanction Is Dismissal Without Prejudice*

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v.*

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103

*Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

---

n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred between August and September 2019. Doc. 1 at 5–9. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

B.      **Plaintiff's Complaint Should Be Dismissed Under 28 U.S.C. § 1915(g)**

There is a second, independent reason to dismiss Plaintiff's complaint. Section 1915(g) of Title 28 of the United States Code prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d

1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

As discussed above, Plaintiff is a frequent filer in federal courts. He also acknowledges that he has incurred *at least* three strikes. Because Plaintiff has incurred at least three strikes, he may not litigate this case *in forma pauperis* unless and until he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown,* 387 F.3d at 1349.

Plaintiff has failed to demonstrate that he is under imminent danger of serious physical injury. First, the conduct Plaintiff complains of occurred in August and September 2019, almost three and one-half years ago. Second, Plaintiff is no longer housed at Jackson Correctional Institution where Defendants are employed.

Because Plaintiff cannot proceed *in forma pauperis*, he was required to pay the filing fee at the time he commenced this action. *Dupree*, 284 F.3d at 1236 ("The prisoner . . . must pay the filing fee at the time he *initiates* the suit."). Notably, Plaintiff commenced this action on November 29, 2022. Doc. 1 at 1. As of the date of this report and recommendation, Plaintiff has not paid the filing fee.

Because Plaintiff failed to pay the filing fee when he commenced this civil action and he has not demonstrated that he was "under imminent danger of serious

physical injury" when he commenced this action, the District Court should dismiss this action without prejudice.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process, and pursuant to 28 U.S.C. § 1915(g), because Plaintiff has incurred at least three strikes and has failed to pay the filing fee or demonstrate that he is under imminent danger of serious physical injury.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>11th</u> day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails**

**to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**